**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 08 CR 220** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **TIFFINEY CLEVELAND,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

This matter was previously before the Court upon the government's Motion for

Inquiry into Potential Conflict (Doc. 16).  This is a criminal case in which defendant Tiffiney

Cleveland (hereinafter "Cleveland" or "defendant") has been charged in an eleven count

indictment.  Defendant and her husband LeSean Roberts (hereinafter "Roberts") are

represented by the same attorney.  The Court granted the government's Motion for Inquiry

and ordered that defendant obtain new counsel ("Disqualification Order") (Doc. 19).

Defendant then filed a Motion for a Hearing on the Order to Disqualify seeking an

opportunity to present additional evidence (Doc. 20).  While the Motion for a Hearing was

denied (Doc. 22), the Court did provide defendant with an additional opportunity to submit

any evidence in support of her position that her attorney should not be disqualified from

representing her in this matter.  In response, defendant's attorney Shondra Longino filed an Affidavit (Doc. 23).  Attorney Longino's Affidavit provides the following pertinent information:

- "the government has not presented any substantiated facts sufficient to establish a conflict"

- "the affiant found no reason to respond to government's allegations that she represented Tanya Cleveland as Judge Gaughan stated she was satisfied that affiant did not represent Tanya Cleveland while in the Judge's chambers at the first pre-trial"

- the affiant "has never represented" Tanya Cleveland and "if Tanya Cleveland stated at the Grand Jury that she was represented by the Affiant she was mistaken"

- "Tiffiney Cleveland did not pay the Affiant for representing Tanya Cleveland at the Grand Jury"

- "at the time the Grand Jury convened, Ms. Cleveland had not retained the Affiant"

- "since there are no interlocking facts with [the present matter and Roberts' appeal] there would be no need to present any testimony to that end"

- "the appeal brief for LeSean Roberts has already been submitted to the Court of Appeals, an oral argument date has been set and there are no arguments in his appeal that [sic, are] contrary to anything presented in Tiffiney Cleveland's case"

- "Ms. Cleveland's best defense is not to assert that Mr. Roberts played the significant role in the conspiracy of which she is charged as such an attempt would be disingenuous as he is not indicted in this matter making his role inconsequential"

**<u>DISCUSSION</u>**

2

As the Court stated in its Disqualification Order, the Sixth Amendment provides defendants in criminal prosecutions the right to the assistance of counsel.  This right is guaranteed to help ensure that the defendant will receive a fair trial.  *Mickens v. Taylor*, 535 U.S. 162, 166 (2002) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)).  "The essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."  *Wheat v. United States*, 486 U.S. 153, 159 (1988).  In evaluating Sixth Amendment claims, the appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such.  *Id.* at 159.

Because multiple representation of criminal defendants engenders special dangers of which a court must be aware, the Supreme Court has observed that:

> Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing.  ...  [A] conflict may ... prevent an attorney from challenging the admission of evidence prejudicial to one client but perhaps favorable to another, or from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another.

*Id.* at 160 (quoting *Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978)).  As a result, the district court has the discretion to insist on separate representation of defendants.  *Wheat*, 486 U.S. at 162 (affirming decision of lower court to decline waiver); *see also United States v. Swafford*, 512 F.3d 833 (6th Cir. 2008) (same).

This Court disagrees with Attorney Longino that the government did not present evidence of a conflict.  Attorney Longino admits that she represents Roberts in an appeal of convictions for certain drug crimes committed in July 2006.  She also admits that she

3

represents defendant in the present criminal matter in which Roberts is named as an un-indicted co-conspirator in several counts.  As recited in the Court's earlier Disqualification Order, the conflict in Attorney Longino's representation of both defendant and Roberts is clear from the indictment against defendant.

While Attorney Longino tries to make much of the fact that she did not represent defendant at the time the Grand Jury convened, this is not relevant.  What is relevant is that she represents Roberts in his appeal and that she also currently represents defendant against charges alleging crimes in which Roberts is alleged to have participated.  *See also* Disqualification Order at 8 ("the crimes with which Cleveland is charged do allegedly involve Roberts").

Attorney Longino's own interpretation of the evidence that will be presented at trial cannot eliminate the conflict that is present.  *See, e.g.,* Affidavit at ¶ 25 ("the interpretation of the phone calls in Count 11 of the Indictment ... provide no other evidence ... that those conversations about tennis shoes and money could or should be interpreted as drug related conversations").[1]  The indictment against defendant speaks for itself and it is the allegations in the indictment upon which this Court's decision rests.  It is for a jury to determine the meaning of the evidence at trial.  The Court has merely viewed the allegations (without making any judgment regarding the veracity of those allegations) and determined that Attorney Longino cannot adequately represent and defend Cleveland against those allegations

---

[1]
> It is ironic that Attorney Longino asks the Court, on the one hand, to reject the government's version of the evidence but then, on the other hand, asks the Court to accept defendant's version.  The Court neither accepts nor rejects either side's version.  Such is the task of the jury.

4

while also representing Roberts.  A hearing is not necessary to determine whether or not there are "interlocking facts" or whether the cases are "substantially related."

The Court reiterates its finding that Attorney Longino's representation of both defendant and Roberts presents both actual and potential conflicts that cannot be waived in the interest of justice.  *Swafford*, 512 F.3d 833.  The Court does not rest its finding on Attorney Longino's possible representation of Tanya Cleveland.  Attorney Longino has sworn in an affidavit that she was never paid to represent Tanya and never did represent Tanya.  The Court simply notes that Attorney Longino's position on this point is at odds with Tanya's sworn testimony before the Grand Jury and that "an attorney-client relationship may be created by ... the reasonable expectations of the person seeking representation."  *Cuyahoga County Bar Ass'n v. Hardiman*, 100 Ohio St. 3d 260, ¶ 8 (2003).  "The determination of whether an attorney-client relationship was created turns largely on the reasonable belief of the prospective client."  *Id.* at ¶ 10.

## **CONCLUSION**

Attorney Longino's Affidavit has been considered together with all of the evidence presented to the Court by the parties.  This Court's Order of September 16, 2008 (Doc. 19) remains undisturbed.  Defendant must retain new counsel or present a financial affidavit of indigency by the pretrial date of October 8, 2008.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/26/08

5