**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO. 08 CR 220** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **TIFFINEY CLEVELAND,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon defendant Tiffiney Cleveland's Motion to Recuse (Doc. 25).

Defendant makes several arguments in support of her motion: the Court gained "personal" knowledge of the case when it granted a writ of habeas corpus ad testificandum to permit a witness to testify at the trial of defendant's husband; the Court has improperly gained knowledge of the issues presented in this case by reviewing the indictment against defendant; and the Court may be biased in favor of the government because the undersigned was a former colleague of the Assistant United States Attorney prosecuting this case. Defendant's first two concerns are easily dispensed with. However, the Court does pause to comment on defendant's third charge.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and where "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455. It is true that the undersigned and AUSA Rowland were colleagues in the Cuyahoga County prosecutor's office. However, simply having worked together and maintaining an acquaintance is insufficient to *reasonably* bring into question the impartiality of a judge. It is the nature of the legal profession that judges have practiced as attorneys before being appointed to the bench. As such, they necessarily will have formed professional and personal relationships with many of the attorneys who will eventually appear before them in Court. If judges could not hear cases in which one attorney had formerly worked with or maintained an acquaintance with the judge, parties would be hard pressed to find any judge who could hear their cases.

The Court does not take the issue of bias or impartiality lightly. However, in the present case there is simply no cause for concern. Moreover, the undersigned will not recuse herself simply because defendant has requested it; such practices can only encourage judge-shopping and are to be discouraged.

Defendant's Motion to Recuse is DENIED.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　 /s/ Patricia A. Gaughan
　　　　　　　　　　　　　　　　　　　　　　PATRICIA A. GAUGHAN
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: 10/3/08